IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN PHILIP GAUTHIER                                                               PLAINTIFF

v.                                         Civil No. 3:25-cv-03025-CDC

CHIEF DEPUTY TIM ROBERSON, Boone                                          DEFENDANTS
County, Arkansas; CORPORAL TONY
MCCUTCHEON, Boone County Detention
Center (BCDC); TURN KEY HEALTH
CLINICS, LLC; and SHERIFF TROY
MARTIN

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case was referred to the undersigned for all purposes pursuant to the consent of the parties. (ECF No. 30). Plaintiff has now filed a Motion to Revoke his Consent. (ECF No. 32). Defendants have not responded to the Motion.

Rule 73(b)(3) of the Federal Rules of Civil Procedure provides that the district judge may allow a party to withdraw consent. For this reason, the undersigned submits a report and recommendation on Plaintiff's Motion to Revoke his Consent pursuant to 28 U.S.C. § 636(b)(1) & (c)(1).

## I. DISCUSSION

This case was initially directly assigned to the undersigned. The Clerk's Office provided Plaintiff with a notice about the direct assignment process and a consent/request for reassignment form. (ECF No. 4). The notice briefly explains the direct assignment and consent process. The form asks the Plaintiff to check one of two boxes: the first, to consent to the jurisdiction of the magistrate judge to handle all proceedings; the second, to request reassignment of the case to a district judge. On April 20, 2025, Plaintiff signed the consent form indicating he consented to the jurisdiction of the magistrate judge. The case was referred to the undersigned for all purposes

1

on July 23, 2025, pursuant to the consent of all parties.[1]  (ECF No. 30).  On August 6, 2025, Plaintiff filed this motion.  (ECF No. 32).

Magistrate judges may conduct all proceedings in a civil matter "upon consent of the parties."  28 U.S.C. § 636(c)(1) (empowering a magistrate judge to conduct any and all proceedings in a jury or nonjury civil matter if all parties consent).  Section 636(c)(1) "requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate judge's jurisdiction." *Henry v. Tri-Services, Inc.,* 33 F.3d 931, 933 (8th Cir. 1994) (party who had not yet entered an appearance required to consent).  However, once consent is given, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993).

Rule 73(b)(3) of the Federal Rules of Civil Procedure provides as follows:

> Vacating a Referral.  On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule.

*Id.; see also* § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances show by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.").

"'Good cause' and 'extraordinary circumstances' are high bars that are difficult to satisfy." *Cartwright v. Doe,* No. 1:23-cv-013, 2023 WL 2465785, *7 (D.N.D. March 10, 2023) (internal quotation marks and citations omitted).  Extraordinary circumstances are not shown simply because a party is displeased with rulings of the magistrate judge. *See e.g., Milhous v.*

---

[1] Some Courts have held that a party who seeks to withdraw his consent before any other party has consented, need not show good cause. *See e g., Muhammad v. Fleming,* 29 F.4th 161, 161 (4th Cir. 2022) (Section 636 "does not address a party's withdrawal of consent before" all parties have consented to the jurisdiction of the magistrate judge.  Section 636(c)(4) good cause standard "only applies once a case has been transferred to the magistrate judge.  It does not apply to one party's consent to referral when the other parties have not also consented.").

*Metro. Gov't of Nashville & Davidson Cty.,* 221 F.3d 1335 (6th Cir. 2000) (unpublished decision).[2]  A "'variety of factors' should guide a court's discretion in determining whether to permit withdrawal of consent.  *IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal Dist.,* 82 F.4th 402, 414 (5th Cir. 2023) (citing *Carter v. Land Sea Services, Inc.,* 816 F.2d 1018, 1021 (5th Cir. 1987)).  These factors are "undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se,* whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent."  *Carter,* 816 F.2d at 1021.

In this case, Plaintiff has advanced no extraordinary circumstances or any circumstances at all for the Court to consider.  Instead, he merely states he desires to withdraw his consent.

## II.  CONCLUSION

For the reasons stated, I recommend that the Motion to Revoke Consent (ECF No. 32) be **DENIED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

---

[2] "Jurisdictions disagree about whether a motion to withdraw consent to magistrate judge jurisdiction should be resolved by the assigned magistrate judge or by a district judge." *Pederson v. John Deere Electronic Solutions*, Case No. 3:20-cv-051, 2021 WL 68057 01, at *1 (D.N.D. Feb. 23, 2021) (collecting cases). The Eighth Circuit has not ruled on this issue. However, it appears clear from the language of Rule 73(b)(3) that the authority to withdraw consent lies with the district judge.  *See also* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3071.3 (3d ed. 1998) (section updated May 21, 2025).

**RECOMMENDED** this 28th day of August 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE