IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


JOHN PHILIP GAUTHIER                                                    PLAINTIFF

v.                               Civil No. 3:25-cv-03025-CDC

CHIEF DEPUTY TIM ROBERSON, Boone
County, Arkansas; CORPORAL TONY
MCCUTCHEON, Boone County Detention
Center (BCDC); NURSE TAMMY
LANGLEY; TURN KEY HEALTH
CLINICS, LLC; and SHERIFF TROY
MARTIN                                                                 DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff John Philip Gauthier proceeds *pro se* and *in forma pauperis.*  The case is before the Court on Plaintiff's failure to obey the orders of the Court.

### I.  DISCUSSION

On January 30, 2026, a mailing from this Court to Plaintiff at his last known address was returned as undeliverable.  *See* ECF No. 77.  This Court previously ordered that if Plaintiff is transferred to another jail or prison or released, then he must notify the Court of his new address within 30 days of his transfer or release.  *See* ECF No. 3.  However, Plaintiff never provided the Court with his new address after the aforementioned mailing was returned.  Accordingly, on March 3, 2026, this Court entered an Order directing Plaintiff to show cause why he failed to obey the previous Order, and imposing a deadline of March 24, 2026 for Plaintiff's show-cause response.  *See* ECF No. 78.  Plaintiff never responded to this Order either, and his deadline to do so has now passed.

1

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently. Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded

2

docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

Plaintiff vigorously litigated this case while he was incarcerated, filing voluminous motions throughout. The Court has no doubt that he carefully monitored this case and was aware of the requirement that he keep the Court apprised of changes in his address; indeed, he had recently complied with that very requirement following a previous change in his address. *See* ECF No. 75. The Court therefore finds that his more recent failure to comply with that requirement was intentional, as was his failure to respond to the Court's show-cause order. The Court also recognizes that the Defendants in this case have expended considerable resources conducting discovery and responding to Plaintiff's voluminous filings, all the way up to the final week before their deadline to file dispositive motions (which this Court stayed, pending resolution of its show-cause order). *See* ECF Nos. 62, 79, 80. Accordingly, the Court finds that Plaintiff's intentional failure to comply with court orders, combined with the resources expended by the Defendants (and by this Court), warrant this case being dismissed with prejudice.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 25) is **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court. Judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 25th day of March 2026.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4